## IN THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (GREENBELT)

—————————————————————
FRANCIS KOH                                         *
             Plaintiff,                         **
                       *                    8:23-CV-01712
      v.                                          *
                       *
AMAZON.COM, INC.,                              *
                       *
             Defendant.                      *
—————————————————————

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, Francis Koh ("Plaintiff"), hereby files this Complaint against Defendant Amazon.com,

Inc. ("Amazon") and states the following:


### CAUSE OF ACTION

1. This action for defamation is brought under the Common Law of the State of Maryland.

### PARTIES

2. Plaintiff is a citizen of the United States of America and domiciled in the State of
   Maryland, Montgomery County.

3. Defendant Amazon is a corporation duly organized under the State of Delaware but has
   its principal place of business located in Seattle, Washington and a second "Head
   Quarters" in Virginia.


### JURISDICTION

1

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) where Plaintiff is a United States citizen and domiciled in the State of Maryland.

5. Amazon is a corporation duly organized under the State of Delaware but has its principal place of business located in Seattle, Washington, and is deemed a citizen of the Delaware and Washington State under 28 U.S.C. § 1332(c)(1).

6. The amount in controversy in this matter is in excess of $75,000, excluding interest and costs.

VENUE

7. Amazon has availed itself to the Jurisdiction and Venue of Maryland pursuant to 28 U.S.C. § 1391(b)(1).

8. Under 28 U.S.C. § 1391(c), Amazon is subject to personal jurisdiction in the State of Maryland because of its substantial activities and deliberate presence, including but not limited to multiple Amazon fulfillment centers in Baltimore Maryland, example, 2010 Broening Hwy., MD 21224, and Waldorf Maryland, example, 6 Industrial Park Dr., Waldorf, MD, a Sortation Center in Sparrows Point Maryland, 1700 Sparrows Point Blvd., Sparrows Point, MD 21219, and Amazon Delivery Stations in Elkridge Maryland.

9. Because of its activities and dealings, it is foreseeable that Amazon could be haled into court in the State of Maryland.

FACTS

10. Plaintiff, Francis Koh, has been practicing law since 2001, being licensed in the State of Maryland, Commonwealth of Virginia, and the District of Columbia.

11. Plaintiff is admitted in the United States Supreme Court, the State Supreme Court of Virginia, and the United States District Court of Maryland.

12. Plaintiff practices law under a duly organized entity, Koh Law Firm, LLC., in the State of Maryland.

13. Plaintiff has a pristine record in all three licensed jurisdictions without any blemishes for misconduct of any sort.

14. Plaintiff has been constantly named to the Top 100 Attorneys in America.

15. In terms of trademark practice, Plaintiff has been named the Top Trademark Attorney for 2022 according to Patexia, a leading intellectual property platform and online community that collects IP related data that ranks US Trademark Attorneys each year.

16. Plaintiff has filed over 25,000 trademark applications at the United States Patent and Trademark Office ("USPTO"), serving both foreign and domestic applicants.

17. Plaintiff has never been disciplined by the USPTO and is presently in good standing.  *See* Exhibit 1 Showing Good Status  Before USPTO and Commonwealth of Virginia.

18. Plaintiff has tirelessly and painstakingly built his trademark practice through the years, relying on his good name and reputation, obtaining almost all his business by referrals.

19. Plaintiff is considered a premier attorney amongst foreign trademark firms, particularly those in China.

20. Plaintiff had established business relations with premier IP and Trademark Firms in China who refer Trademark Applications to Plaintiff for filing before the USPTO.

21. Most Trademark applicants seek to register Trademarks for goods to be sold on Amazon.com, which is the world's largest online market place.

AMAZON BRAND REGISTRY PROGRAM

22. Amazon Brand Registry ("ABR") is allegedly a program that helps brand owners protect their intellectual property rights on Amazon's marketplace by providing tools and benefits such as enhanced brand content, streamlined reporting of intellectual property violations, and increased control over their brand's presence.

23. However, in practical sense, Amazon implements ABR as a way to control what products get accepted for sale on Amazon, thus functioning as a gatekeeper for sellers who wish to sell goods on Amazon.com.

24. Needless to say, sellers/TM holders, who wish to sell goods on Amazon must successfully register their goods through this ABR program which involves a crucial step, where a brand registration code is issued to the attorney of record of the trademark application/registration, who then forwards this code to the seller for use on Amazon to gain access into Amazon's market place to sell goods.

25. Amazon, around the beginning of 2023, began a campaign to become involved in the business aspect of trademark registration, with their own accelerator program and their own "curated" trademark attorneys, and to this end, Amazon has been manipulating ABR for its own business purposes.

INTENTIONAL AND/OR RECKLESS DEFAMATION

26.  Around January 2023, several of Plaintiff's clients in China were complaining that they were unable to obtain Amazon Brand Registration Codes, and therefore unable to sell their goods on Amazon.com.

4

27. The matter continued to escalate where almost all of Plaintiff's clients were claiming that they were unable to obtain brand registration codes because Amazon considered Plaintiff to be an "Abusive attorney".  *See* Plaintiff's Exhibit 2 Showing email from Amazon.com seller support explaining to Applicant why ABR code was not being issued.

28. Amazon has created a "Black List" of Trademark attorneys and placed Plaintiff on this list.

29. Amazon gave the following reason to applicants, "[t]he reason is that the brand is currently ineligible for Brand Registry since the trademark (TM) registration was filed by an attorney who has previously being associated with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms & Conditions."  See Plaintiff's Exhibit 3.

30. Subsequently, Plaintiff's major clients were leaving, stating that Plaintiff was on the "abusive attorney list", and had no choice but to seek new counsel in order to obtain brand registry on Amazon.  *See* Plaintiff's Exhibit 4 Showing Email from client stating they have to find new counsel due to Amazon.

31. Amazon made such false statement about Plaintiff while directing them to their own Amazon Accelerator Program and their "curated" attorneys.  *See* Exhibit 5 Showing Email Sent from Amazon directing Applicant to their Accelerator Program.

FUTILE EFFORTS TO RESOLVE PROBLEM

32. Plaintiff reached out to Amazon and was eventually routed to Brad M. Behar.  *See* Exhibit 6 Showing Cease and Desist Letter Dated February 13, 2023.

33. Eventually Brad M. Behar claiming to be Amazon's counsel reached out to Plaintiff and acknowledged receipt of the Cease and Desist letter.

34. Communications with Behar proved to be fruitless as Amazon.

35. On or about the same time fruitless communications were occurring with Brad Behar, the Demand's team from Amazon's other law firm, David Wright Tremaine, responded with an email stating the matter would take 8-12 weeks for them to complete their investigations. *See* Exhibit 7 Showing Email from Demands Administrator from Davis Wright Tremaine LLP.

36. With no progress made, Plaintiff learned of another counsel for Amazon, Benjamin Okeke, and sent an email and attached a letter asking to be removed from the abusive list and proving to be in good standing before the Commonwealth of Virginia and the USPTO. *See* Plaintiff's Exhibit 8 Showing 2nd Demand Letter.

37. Plaintiff has suffered irreparable damage to his reputation and business, and continues to sustain loss of business and suffer emotional distress.

38. Amazon acknowledges its errors, which resulted in the inclusion of attorneys, including the Plaintiff, on the blacklist. Despite this admission, Amazon has chosen not to take any action to rectify the situation. *See* Exhibit 9, Showing admissions from Amazon's counsels made to others regarding their ABR system.

39. According to Amazon's admissions, if an attorney takes over a matter that was handled by an attorney who has been disciplined/suspended by the USPTO, the new attorney would also be flagged just by association, and likewise barred from receiving brand registry codes.

40. Amazon knows this system is flawed but refuses to rectify the matter.

41. Plaintiff has trademark applications or registered marks that were previously handled by other attorneys, including potentially those that may have been disciplined by the USPTO and such practice is commonplace in the trademark community.

42. Despite Plaintiff's best efforts to resolve this matter, Amazon has been unresponsive and has done nothing to remove Plaintiff from their Blacklist, despite a letter from Amazon's brand executive stating Jeff Bezos has been made aware of the situation. *See* Exhibit 10 Showing Email from Amazon's Executive Brand Relations Team Member Melissa A.

COUNT 1 DEFAMATION

43.  Paragraphs 1-39 is hereby restated and realleged in their entirety.

44. Amazon has and continues to circulate false and malicious statements about Plaintiff to applicants, via email and its brand registry portals, calling plaintiff an "abusive attorney" and to find a different attorney to obtain brand registry codes.

45. Allegations by Amazon are false, as Plaintiff has never been disciplined or sanctioned by the USPTO, and is in good standing.

46. Amazon's statements are clearly defamatory, an attempt to discredit and smear his good name, as they imply that the Plaintiff lacks the necessary qualifications for engaging in a trade, business, or profession, thereby constituting defamation *per se*.

47. Further, referring to the Plaintiff as an "abusive attorney" constitutes an attack on their personal character, with the intention of permanently dissuading clients from engaging the Plaintiff.

48. Even after Amazon was informed the statements were false and were sent notices to cease and desist, Amazon ignored those notices and continued to defame Plaintiff.

49. The Plaintiff is entitled to presumed damages based on Amazon's defamation *per se*.

50. Alternatively, the Plaintiff has suffered actual damages exceeding $75,000, excluding interest and costs, which will be proven during the trial.

51. Amazon persists in disseminating ABR rejection emails that contain the aforementioned defamatory statements and subsequent other rejection emails implying misconduct by Plaintiff.

52. The continued and direct consequences of these actions have already caused and will continue to cause irreparable harm to the Plaintiff's professional reputation, position in the trademark industry, and the goodwill associated with his current and potential client relationships. As a result, the Plaintiff is left without an adequate legal remedy.

53. Plaintiff has not only suffered economic harm, but has suffered professional humiliation and emotional distress.

54. Unless Amazon is temporarily, preliminarily, and permanently enjoined from disseminating ABR rejection emails to the Plaintiff's clients and potential clients, the Plaintiff will continue to suffer irreparable harm. Consequently, the Plaintiff is entitled to

the entry of an appropriate temporary restraining order, preliminary injunction, and permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Counsel respectfully requests to the following relief from this Court:

a. Grant a temporary, preliminary, and permanent injunction to prevent Amazon from further disseminating the ABR rejection emails to the Plaintiff's clients and potential clients, to refrain from listing Plaintiff negatively within its own searchable databases for sellers, and compel release of ABR codes to Plaintiff's clients;

b. Award presumed damages for Amazon's defamation *per se*;

c. Award actual damages;

d. Award for punitive damages;

e. Award damages for emotional distress;

f. Award pre- and post-judgment interest as permitted by applicable law; and

g. Provide any additional relief that this Court deems suitable for the Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully seeks trial by jury on all triable issues.

Respectfully Submitted,

Dated: June 24th, 2023        By:    _____/s/____Francis Koh_____

Francis H. Koh

Koh Law Firm, LLC.
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
(301) 881-3600

*Pro Se* Plaintiff